JS-6

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MOHAMMED ALI "ALLEN" SHIRAZIAN, an Individual d/b/a PrideLine; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: SA CV14-1783-DOC (JCGx)<br><br>**MODIFIED FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT MOHAMMED ALI "ALLEN" SHIRAZIAN, AN INDIVIDUAL D/B/A PRIDELINE**<br><br>**HON. DAVID O. CARTER** |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG ("Plaintiffs"), are hereby awarded final judgment on their claims for relief against MOHAMMED ALI "ALLEN" SHIRAZIAN, an Individual d/b/a PrideLine ("Defendant"), as set forth within Plaintiffs' Complaint ("Complaint") as the prevailing parties in this action.

WHEREAS, Defendant registered, managed and operated an ecommerce web store on www.ebay.com under the seller ID "pridelineauto," with payment processing facilitated through a PayPal.com ("PayPal") account registered by Defendant under the PayPal ID "PrideLine.Auto4eBay@gmail.com" to promote the sales of the counterfeit BMW®-branded products.

IT IS HEREBY ORDERED, that pursuant to Rule 55(b) of the *Federal Rules of Civil Procedure* under Local Rule 55-1, Plaintiffs are awarded the sum of $100,000.00 (15 *U.S.C.* § 1117 (c)(2)) against Defendant. Additionally and under

Local Rule 55-3, Plaintiffs are also awarded attorneys' fees of $3,600.00. Pursuant to 15 *U.S.C.* § 1117(a), Plaintiffs are entitled to judgment against said Defendant for recovery of total costs Plaintiffs have incurred in this action due to Defendant's violation of 15 *U.S.C.* § 1125(a), and willful violation of 15 *U.S.C.* § 1125(c) in the amount of $464.11. Thus, the total judgment is for this action is $104,064.11. This judgment shall also entitle Plaintiffs to any interest accrued.

Furthermore, IT IS HEREBY ORDERED, that Defendant and his agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persons acting in concert or participation with Defendant, and each of them, shall be permanently restrained from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit BMW®-branded products identified in the Complaint and any other unauthorized BMW®-branded products, or products bearing Plaintiffs' Trademarks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiffs' Trademark, trade name and/or trade dress including, but not limited to, any of Plaintiffs' Trademarks at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any Plaintiffs' Trademarks, trade name and/or trade dress including, but not limited to, the Plaintiffs' Trademarks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar

thereto, including specifically:

      i.      on or in conjunction with any product or service; and

      ii.      on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiffs, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiffs or is, in some way, connected or affiliated with Plaintiffs.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or is in some way sponsored by or affiliated with Plaintiffs, purchases product from or otherwise has a business relationship with Plaintiffs.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiffs' Trademarks; and/or

    h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any

products or services bearing any Plaintiffs' Trademarks or which otherwise refer to or relate to Plaintiffs or any of Plaintiffs' Trademarks.

~~i.	Transferring, disposing, or tampering with any money or other tangible assets until further order from this Court.~~

~~j.	Any bank, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or any other financial institution account, including without limitations PayPal accounts, shall immediately locate all accounts connected to Defendant, including accounts under Defendant's known aliases, and shall be enjoined from transferring or disposing of any money, funds, or tangible assets to Defendant.~~

~~k.	Any bank, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or any other financial institution accounts, including without limitations PayPal accounts, shall immediately transfer to Plaintiffs as necessary, through their counsels of records, any money, funds, or tangible assets of Defendant, including accounts under Defendant's known aliases, to satisfy this judgment as ordered hereto.~~

/ / /

IT IS SO ORDERED, ADJUDICATED and DECREED this 8th day of June, 2015.

*David O. Carter*
_____
HON. DAVID O. CARTER
United States District Judge